UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARY WILCOX** | * | CASE NO. |
|     **Plaintiff** | * | |
| | * | SECTION " " |
| **VERSUS** | * | |
| | * | JUDGE |
| | * | |
| **DOLGENCORP, LLC** | * | MAGISTRATE |
|     **Defendant** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:   The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, Dolgencorp, LLC (hereinafter "Defendant"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows:

1.

On the 13th day of April, 2012, the attached Petition was filed in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, entitled *Mary Wilcox v. Dolgencorp, LLC, d/b/a Dollar General*, bearing case number 2012-1217, Section C.[1]

2.

Plaintiff's Petition alleges personal injuries as a result of an incident on or about February 12, 2012, at the Dollar General store located in Pontchatoula, LA, where plaintiff, Mary Wilcox, allegedly slipped and fell in a puddle of dishwashing detergent.[2]

---

[1] See plaintiff's Petition for Damages, Exhibit A.

[2] *Id.*

3.

Plaintiff, Mary Wilcox, alleges that as a result of the alleged incident she sustained injuries to her body including but not limited to injuries to her back, knee, left hand, and other parts of her body.

4.

Dolgencorp, LLC, of Tennessee, desires to have this matter removed from the docket of the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, pursuant to the provisions of 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1446 et seq.

5.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

- A. The properly joined parties to this action are completely diverse:
    1. Plaintiff, Mary Wilcox, is a person of full age of majority and a domiciliary of the State of Louisiana;[3]
    2. Dolgencorp, LLC, is a foreign single-member limited liability company whose sole member, Dollar General Corporation, is incorporated and has its principal place of business in Tennessee.
- B. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.
    1. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is

---

[3] *Id.*

'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'"[4]

2. Plaintiff's Petition did not conform to the requirements of La. Code of Civil Procedure article 893 because it failed to include a general allegation that the claim exceeds or is less than the requisite amount(s) "to establish jurisdiction of the court, the right to a jury trial, [or] the lack of jurisdiction of federal courts due to insufficiency of damages…."[5]  On May 14, 2012, defendant propounded a Request for Admission to determine whether plaintiff's claim exceeded $75,000.00.  On May 22, 2012, defendant received plaintiff's response to the Request for Admission wherein plaintiff "admitted" that her alleged damages exceed $75,000.00.[6]

3. 28 U.S.C § 1446 provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or **other paper from which it may first be ascertained that the case is one which is or has become removable.** (emphasis added)

---

[4] *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

[5] *See* La. C.C.P. art. 893(A)(1).

[6] *See* Plaintiff's response to defendant's Request for Admissions, attached as Exhibit B.

4. The receipt of plaintiff's response to defendant's Requests for Admission on May 24, 2012, was defendant's first written notice that the amount in controversy in this case exceeds $75,000.00. Thus, this removal is timely.

5. In *Simon v. Wal-Mart Stores*, the Fifth Circuit Court of Appeals for the United States held that the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[7] The attached Answer to Defendant's Request for Admission establishes by a preponderance of the evidence that the amount in controversy exceeds the $75,000 threshold.

**WHEREFORE**, removing defendant, Dolgencorp, LLC, prays that the above action now pending in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, be removed therefrom to this Honorable Court.

Respectfully submitted,

/s/ Trevor C. Davies
PETER J. WANEK (23353)
TREVOR C. DAVIES (32846)
McCRANIE, SISTRUNK, ANZELMO,
 HARDY, McDANIEL & WELCH, LLC
400 Lafayette St., Suite 100
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
ATTORNEYS FOR DEFENDANT
*Dolgencorp, LLC*

---

[7] 193 F.3d 848, 850 (5th Cir. 1999).

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed, and also filed electronically with the Clerk of Court using the CM/ECF system and notice of this filing will be sent to all counsel by operation of the court's electronic filing system, this 1st day of June, 2012.

                                                     /s/ Trevor C. Davies